UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

HAROLD STAFFNEY,

              Petitioner,              Case No. 1:07-cv-677

v.                                  Honorable Paul L. Maloney

SHIRLEE A. HARRY,

              Respondent.

_____/

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner is confined at Muskegon Correctional Facility.  He was convicted in the Kent County Circuit Court of first-degree felony-murder and possession of a firearm during the commission of a felony.  On January 6, 1988, the trial court sentenced him to life imprisonment without the possibility of parole for the murder conviction and a mandatory two-year term for the felony-firearm conviction.

Petitioner has filed three previous habeas corpus cases in this Court challenging his 1988 criminal conviction for first-degree felony-murder and felony-firearm.  *See Staffney v. Berghuis*, No. 4:03-cv-106 (W.D. Mich.); *Staffney v. Abramajtys*, No. 1:98-cv-39 (W.D. Mich.); *Staffney v. Johnson*, No. 1:91-cv-478 (W.D. Mich.).[1]  The Court dismissed Petitioner's 1991 and 1998 habeas actions without prejudice for failure to exhaust his state-court remedies.  However,

_____

[1]Petitioner also has filed a habeas corpus action in this Court challenging an unrelated 1988 conviction for armed robbery.  *See Staffney v. Johnson*, No. 1:91-cv-608 (W.D. Mich.).

Petitioner's 2003 habeas case was dismissed with prejudice because it was barred by the one-year statute of limitations.  The Sixth Circuit denied Petitioner a certificate of appealability in that case on March 8, 2004.  Petitioner filed a petition for writ of certiorari in the United Supreme Court, which was denied on October 4, 2004.

Because Petitioner's 2003 habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the limitations relating to "second or successive" petitions set forth in 28 U.S.C. § 2244(b).  *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).  Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[2]  A successive petition raises grounds identical to those raised and rejected in a prior petition.  *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987).  A second petition is one which alleges new and different grounds for relief after a first petition was denied.  *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

---

[2]When the initial petition was filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard.  *Cress*, 484 F.3d at 852.  That standard does not require authorization from the court of appeals.  *Id.*

A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Petitioner's 2003 habeas action was dismissed as time-barred, thus the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

September 4, 2007                              /s/ Paul L. Maloney

Date                                          Paul L. Maloney
                                              United States District Judge